IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| BRITTANY L. ELLISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14-03193-CV-S-DGK-SSA |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AFFIRMING THE COMMISSIONER'S DECISION**

Plaintiff Brittany L. Ellison seeks judicial review of the Commissioner of Social Security's ("Commissioner") decision denying her applications for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–434, and supplemental security income under Title XVI of the Act, 42 U.S.C. §§ 1381–1383f.  The Administrative Law Judge ("ALJ") found Plaintiff suffered from a litany of severe impairments, but retained the residual functional capacity ("RFC") to perform work as a final assembler, a production area table worker, and an administrative support addresser.

Because substantial evidence supports the ALJ's decision, the Commissioner's denial of benefits is AFFIRMED.

**Factual and Procedural Background**

A summary of the entire record is presented in the parties' briefs and is repeated here only to the extent necessary.  Plaintiff filed both her applications on September 27, 2012, each of which alleged a disability onset date of January 1, 2012.  The Commissioner denied her applications, and she sought an administrative hearing.  After conducting a hearing, the ALJ affirmed the Commissioner's denial of benefits.  The Social Security Administration Appeals

Council subsequently denied review, leaving the ALJ's determination as the Commissioner's final decision. With all administrative remedies now exhausted, judicial review is appropriate under 42 U.S.C. §§ 405(g), 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). The court must "defer heavily" to the Commissioner's findings and conclusions. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice, and a decision is not outside this zone simply because the court might have decided the case differently were it the initial finder of fact. *Buckner*, 646 F.3d at 556.

## Analysis

In determining whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of not less than twelve months, 42 U.S.C. § 423(d), the Commissioner follows a five-step sequential evaluation process.[1]

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g); 416.920(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to

Plaintiff challenges the ALJ's Step Four determination. At Step Four, the ALJ determined that Plaintiff retained the RFC to perform sedentary work with a litany of additional restrictions tailored to her specific mental and physical limitations. R. 14. Plaintiff argues that the ALJ erred in formulating her RFC by: (1) failing to find disabling limitations despite Plaintiff suffering from nine severe impairments; (2) relying solely on the erroneous opinion of the state agency consulting physician Stephen Williamson, M.D. ("Dr. Williamson"); and (3) rejecting the opinion of examining psychiatrist Steven Adams, Psy.D. ("Dr. Adams"). The Court addresses each argument in turn.

## I. Substantial evidence supports the ALJ's RFC formulation at Step Four.

A claimant's RFC is the most that she can still do despite her physical or mental limitations. *Leckenby v. Astrue*, 487 F.3d 626, 631 n.5 (8th Cir. 2007). In formulating the RFC, the ALJ must consider all the record evidence, including medical records, physicians' opinions, and the claimant's subjective statements about her limitations. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). The claimant, however, bears the ultimate burden of demonstrating her RFC. *Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010). With these standards in mind, the Court now turns to Plaintiff's specific RFC-related arguments.

### A. The RFC formulation is not unsupported by substantial evidence simply because the ALJ found that Plaintiff suffered from nine severe impairments.

Plaintiff first argues that the RFC formulation is internally inconsistent because the ALJ found nine severe impairments but still found her capable of performing sedentary work.

This argument misses the mark. The relevant inquiry at Step Four is not the number of impairments that the claimant has, but the degree to which those impairments impose functional

---

the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

limitations.  After carefully considering the credible limitations imposed by *all* of Plaintiff's impairments, the ALJ determined that Plaintiff still retained the RFC to perform sedentary work. R. at 14-22.  And Plaintiff never explains precisely how her nine impairments impose limitations inconsistent with the ALJ's findings.   Thus, the Court finds no error here.

### B.  The ALJ did not rely solely on the opinion of Dr. Williamson.

Plaintiff next claims that the ALJ committed legal error by relying *solely* on Dr. Williamson's opinion in formulating the RFC.  The Court disagrees.

The ALJ conducted a thorough, evenhanded RFC analysis in which she considered Plaintiff's testimony, medical records, and opinion evidence.  R. at 14-22.  For example, the ALJ methodically reviewed the evidence contradicting Plaintiff's subjective allegations of disabling limitations, including that: (1) she only took over-the-counter medications for her allegedly debilitating back pain; (2) her seizures and migraines were effectively controlled by prescription medications; (3) objective medical records did not support her allegations; (4) she worked part-time after her alleged disability onset date; and (5) she had a meager earnings prior to her claims of disability.  R. at 14-22.  These credibility findings—which Plaintiff does not challenge—clearly support the ALJ's RFC formulation and show that the ALJ did not entirely rely upon Dr. Williamson's opinion in formulating the RFC.  Therefore, the Court finds no merit to Plaintiff's second argument.

### C.  The ALJ did not err in discounting Dr. Adams' opinion.

Plaintiff next contends that the ALJ impermissibly discounted Dr. Adams' opinion, and compounded this error by then failing to order a consultative examination.  Each arguments lacks merit.

Dr. Adams conducted a psychological examination of Plaintiff to determine whether she qualified for Medicaid insurance benefits.  Dr. Adams opined on Plaintiff's functional

4

capabilities, finding that she: (1) could understand and remember complex instructions; (2) could not maintain concentration and persistence on simple tasks; (3) could not interact in moderately demanding social environments; and (4) could not adapt to the typical work environment. R. at 447. Dr. Adams also assessed a global assessment of functioning ("GAF") score of 40, R. at 447, which is indicative of a "major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood." *Halverson v. Astrue*, 600 F.3d 923, 927 n.5 (8th Cir. 2010) (citing Am. Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* 34 (4th ed. rev. 2000)).

The ALJ thoroughly analyzed and rejected Dr. Adams' opinion because she found it conclusory, unsupported by his contemporaneous examination findings, and inconsistent with the remainder of the record evidence. R. at 21. The ALJ did not err in doing so. First, Dr. Adams failed to explain how the assessed limitations were connected to his objective findings or other record evidence. Conclusory opinions, such as this one, are of limited value. *See Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010). Second, his opinion was arguably inconsistent with his own objective findings because although he assessed significant limitations in concentration and persistence, R. at 447, he observed her to be fully alert, oriented, and responsive during the exam. R. at 446. Similarly, he opined that Plaintiff was seriously limited in her ability to interact with others, R. at 447, yet he observed that she easily established a rapport with him. R. at 446-47. These arguable inconsistencies detract from the persuasiveness of his opinion. *See Choate v. Barnhart*, 457 F.3d 865, 870-71 (8th Cir. 2006) (holding that the ALJ permissibly discounted the treating physician's opinion because it was internally inconsistent). Third, with no indication that Dr. Adams founded his opinion upon his own objective findings or other medical records, it was reasonable for the ALJ to conclude that he relied upon her subjective complaints. And such reliance further undermines his opinion. *See Wildman*, 596 F.3d at 966

5

(holding that an ALJ may discount a treating source's opinion if it unduly relies upon the claimant's subjective complaints rather than objective medical evidence). Finally, the ALJ properly disregarded the one-time GAF score because such scores are of little probative value in the disability analysis, especially when they clash with the remainder of the record evidence. *See McGee v. Colvin*, No. 14-04035-CV-C-DGK-SSA, 2015 WL 58484, at *3 (Jan. 5, 2015). Thus, the ALJ did not err in giving Dr. Adams' opinion little weight.

Nor did the ALJ err in failing to order a consultative examination after setting aside this opinion. An ALJ must order a consultative examination when there is insufficient evidence on a crucial issue. *Meyers v. Colvin*, 721 F.3d 521, 527 (8th Cir. 2013). Contrary to Plaintiff's suggestion, the setting aside of Dr. Adams' ultimate conclusion did not rob the record of the only evidence on her mental impairments. The record still contained an opinion from a state agency reviewing psychologist, Plaintiff's testimony, and the records from other treating and examining sources. R. at 360, 362, 365, 373, 426, 446-74. This evidence provided ample information for the ALJ to accurately gauge the limitations imposed by Plaintiff's mental impairments. Thus, the ALJ did not fail to develop the record.

## Conclusion

For the foregoing reasons, the Commissioner's denial of benefits is AFFIRMED.

**IT IS SO ORDERED.**

Date:  July 20, 2015                     /s/ Greg Kays
                                         GREG KAYS, CHIEF JUDGE
                                         UNITED STATES DISTRICT COURT